MAURICE D. PESSAH (SBN: 275955)
*maurice@pessahgroup.com*
SUMMER E. BENSON (SBN: 326398)
*sbenson@pessahgroup.com*
**PESSAH LAW GROUP, PC**
661 N. Harper Ave., Suite 208
Los Angeles, CA 90048
Tel. (310) 772-2261

Attorneys for Plaintiff,
YEDI, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEDI, INC., a California corporation,<br><br>          Plaintiff,<br><br>     v.<br><br>UNIVERSAL CONNECT WHOLESALE, LLC d/b/a PARS COLLECTIONS, a California limited liability company; WALMART, INC., a Delaware corporation; WAYFAIR, INC., a Delaware corporation; SOOFER CO., INC. d/b/a SADAF FOODS, a California corporation; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.<br><br>COMPLAINT FOR:<br><br>1. **Trademark Infringement Under Section 32(1) of Lanham Act, 15 U.S.C. § 1114(1);**<br>2. **Contributory Trademark Infringement Under Section 32(1) of Lanham Act, 15 U.S.C. § 1114(1);**<br>3. **Unfair Competition Under Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a);**<br>4. **Trademark Dilution Under Section 43(c) of Lanham Act, 15 U.S.C. § 1125(c);**<br>5. **Common Law Trademark Infringement;**<br>6. **Trademark Dilution Under Cal. Bus. & Prof. Code § 14247;**<br>7. **Unlawful Business Practices Under Cal. Bus. & Prof. Code § 17200,** *et seq.*<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff YEDI, INC., a California corporation ("Plaintiff"), brings this Complaint for damages and injunctive relief against Defendants UNIVERSAL CONNECT WHOLESALE, LLC d/b/a PARS COLLECTIONS, a California limited liability company ("Universal"); WALMART,

1

COMPLAINT

INC., a Delaware corporation ("Walmart"); WAYFAIR, INC., a Delaware corporation ("Wayfair"); SOOFER CO., INC. d/b/a SADAF FOODS, a California corporation ("Sadaf") (collectively, "Defendants"); and DOES 1-10, inclusive, based on the following allegations:

**PRELIMINARY STATEMENT**

1.  This action arises out of Defendants' infringement of Plaintiff's federally registered trademark, "Pars" (U.S. Registration No. 6,016,248) (the "Mark"). Defendants' unauthorized use of the Mark in connection with the manufacture, distribution, marketing, and/or sale of infringing goods implicates claims for trademark infringement under Section 32(1) of the Lanham Act (the "Act"), for unfair competition and false designation of origin under Section 43(a) of the Act, for dilution under Section 43(c) of the Act, and for substantial and related state law claims.

2.  Established in 1979, Plaintiff is a family-owned business offering elegant, contemporary products for the home. Over the course of the last forty years, Plaintiff has developed a reputation for its unique approach to kitchen, gift, and tabletop design, and has been recognized for its creativity and innovation. Since at least 1990, Plaintiff has continuously and openly used the Mark in connection with the sale of household products and appliances, including, without limitation, rice cookers. As such, the public has come to associate the Mark with Plaintiff, and in particular its signature Pars Rice Cooker.



3. In or about February 2022, Plaintiff learned that Defendants were commercially exploiting the Mark for profit without Plaintiff's consent. Notwithstanding Plaintiff's efforts to urge Defendants to cease-and-desist their unlawful activities, Defendants continue to infringe on Plaintiff's intellectual property rights with impunity.

4. On information and belief, Defendants have accumulated a substantial amount of ill-gotten profits as a result of their unlawful commercial use and exploitation of the Mark and associated goodwill. Thus, Plaintiff was forced to file suit.

## **PARTIES**

5. At all times herein mentioned, Plaintiff Yedi, Inc. was and is a California corporation with its principal place of business located at 318 West Pico Boulevard, Los Angeles, California 90015.

6. Plaintiff is informed and believes, and based thereon alleges that Defendant Universal Connect Wholesale, LLC d/b/a Pars Collections is, and at all times herein mentioned was, a California limited liability company with its principal place of business located at 18 Oak Street, Unit 1929, Brentwood, California 94513.

7. Plaintiff is informed and believes, and based thereon alleges that Defendant Walmart, Inc. is, and at all times herein mentioned was, a Delaware corporation with its principal place of business located at 702 Southwest 8th Street, Bentonville, Arkansas 72716.

8. Plaintiff is informed and believes, and based thereon alleges that Defendant Wayfair, Inc. is, and at all times herein mentioned was, a Delaware limited liability company with its principal place of business located at 4 Copley Place, 7th Floor, Boston, Massachusetts 02116.

9. Plaintiff is informed and believes, and based thereon alleges that Defendant Soofer Co., Inc. d/b/a Sadaf Foods is, and at all times herein mentioned was, a California corporation with its principal place of business located at 2828 South Alameda Street, Vernon, California 90058

10. Doe Defendants 1 through 10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes, and based thereon alleges, that each of the fictitiously named

defendants is the agent, servant, employee, representative, partner, and/or joint venturer of their co-defendants, and so ratifies all of their acts and conduct. Therefore, each Doe Defendant is responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein alleged were proximately caused by said Defendants.

11. At all relevant times, each Defendant was the agent of the other Defendants and was at all times acting within the purpose and scope of such agency. In committing the acts and omissions asserted herein, Defendants, and each of them, were acting in concert together, in the course and scope of their respective relationship with each other, whether as employees, agents, representatives, independent contractors, providers, service providers, as agents or representatives of each other, respectively, or as joint venturers, co-conspirators or otherwise.

## JURISDICTION

12. Jurisdiction in the United States District Court, Central District of California is proper under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. §§ 1367(a), and 1338(b).

13. This Court has personal jurisdiction over Defendants because Defendants reside within this jurisdiction, have committed acts of, *inter alia*, trademark infringement and unfair business practices in this district and/or Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice.

14. Pursuant to 28 U.S.C. § 1338(b), this Court has supplemental jurisdiction over Plaintiff's state law claims, in that those claims are joined with substantial and related claims under the Lanham Act. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), in that Plaintiff's claims arise out of a common nucleus of facts.

## VENUE

15. Venue is proper pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, and Plaintiff's causes of action arose in this district.

//

**GENERAL ALLEGATIONS**

16. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 6,016,248 on the Principal Register in the United States Patent and Trademark Office for the standard character mark, "Pars" (the "Mark"). Since at least December 31, 1990, Plaintiff has openly and continuously used the Mark in commerce throughout the United States in connection with the manufacture, distribution, provision, offering for sale, sale, marketing, advertising and/or promotion of household products and related appliances, namely electric rice cookers. Attached hereto as **Exhibit 1** is a true and correct copy of the certificate of registration, issued by the United States Patent and Trademark Office on March 24, 2020.

17. Plaintiff also owns valid and subsisting common law rights in and to the following design mark (the "Design Mark"):



The Mark and Design Mark shall be collectively referred to herein as the "Marks." Plaintiff has openly and continuously used the Design Mark in commerce throughout the United States since approximately 2014 in connection with the same. From 1999 to 2014, Plaintiff used the following design mark (the "Former Design Mark"):



18. As a result of its widespread, continuous, and exclusive use of the Marks to identify the source and origin of its goods, Plaintiff owns valid and subsisting statutory and common law

rights to the Marks. Moreover, the Marks are distinctive to both the consuming public and Plaintiff's trade.

19.  Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the goods sold under the Marks. As a result, the Marks have come to signify the high quality of the goods designated by the Marks and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

20.  In or about February 2022, Plaintiff discovered that Universal was using a confusingly similar mark (the "Infringing Mark") and accompanying logo to manufacture, distribute, sell, market, advertise and/or promote similar, and in some cases **identical**, household products and appliances via several online platforms, including, without limitation, Walmart.com, Wayfair.com, Amazon.com and Sadaf.com.



| PLAINTIFF'S DESIGN MARK | UNIVERSAL'S DESIGN MARK |
|---|---|
| (PARS logo) | (PARS COLLECTIONS logo) |

21. Defendants have brazenly engaged in the manufacture, distribution, advertising, promotion and/or sale of goods using the Infringing Mark throughout the United States. Attached hereto as **Exhibit 2** are true and correct copies of representative materials demonstrating Defendants' use of the Infringing Mark.

22. In doing so, Defendants sought to capitalize on the Mark's longstanding popularity and success, exploiting the Mark for their own financial gain. Indeed, Defendants knowingly and unlawfully appropriated and exploited the Mark in commerce without Plaintiff's consent, confusing and deceiving the public about Plaintiff's alleged or possible endorsement or affiliation with the Infringing Mark and related goods, where no such endorsement or affiliation exists.

23. On February 25, 2022, Plaintiff's counsel sent a cease-and-desist letter to Universal objecting to its use of the Infringing Mark. Thereafter, Plaintiff's counsel sent cease-and-desist letters to Walmart, Amazon, Wayfair and Sadaf. Notably, Amazon promptly removed the infringing listings. To date, however, Plaintiff has not received a substantive response from the remaining Defendants; and, after reasonable inquiry, has no evidence to suggest that Defendants have complied or intend to comply with the demands set forth therein. Instead, Defendants continue to knowingly and intentionally exploit the Mark without regard to Plaintiff's intellectual property rights. Attached hereto as **Exhibit 3** are true and correct copies of counsel's cease-and-desist letters to Defendants.

24. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of

Universal's goods and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Universal's goods originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

25. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's goods to Defendants.

26. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

**FIRST CAUSE OF ACTION**
**TRADEMARK INFRINGEMENT**
**Section 32(1) of Lanham Act, 15 U.S.C. § 1114(1)**
**(Against UNIVERSAL CONNECT WHOLESALE, LLC d/b/a PARS COLLECTIONS; and DOES 1-10)**

27. Plaintiff hereby incorporates by reference Paragraphs 1 through 26 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

28. Universal's unauthorized use in commerce of the Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Universal's goods, and is likely to cause consumers to believe, contrary to fact, that Universal's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Universal is in some way affiliated with or sponsored by Plaintiff. Universal's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

29. Upon information and belief, Universal has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in and to the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

30. Universal's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

31. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Universal's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of

the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY TRADEMARK INFRINGEMENT
## Section 32(1) of Lanham Act, 15 U.S.C. § 1114(1)
**(Against WALMART, INC.; WAYFAIR, INC.; SOOFER CO., INC. d/b/a SADAF FOODS; and DOES 1-10)**

32. Plaintiff hereby incorporates by reference Paragraphs 1 through 31 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

33. Universal's unauthorized use in commerce of the Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Universal's goods, and is likely to cause consumers to believe, contrary to fact, that Universal's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Universal is in some way affiliated with or sponsored by Plaintiff.

34. Defendants Walmart, Wayfair and Sadaf have encouraged, enabled and/or contributed to this unlawful conduct by, among other things, advertising, promoting and/or offering for sale goods bearing the Infringing Mark. Defendants' conduct therefore constitutes contributory trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. Defendants have actual knowledge of the infringement cited to herein from, *inter alia*, written notification by counsel and agents for Plaintiff. Defendants, however, have disregarded any such efforts by Plaintiff to remove the Infringing Mark and related goods from their respective platforms.

36. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in and to the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

37. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs

of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### UNFAIR COMPEITION
### Section 43(a) of Lanham Act, 15 U.S.C. § 1125(a)
**(Against All Defendants; and DOES 1-10)**

39. Plaintiff hereby incorporates by reference Paragraphs 1 through 38 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

40. Defendants' unauthorized use in commerce of the Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Universal's goods, and is likely to cause consumers to believe, contrary to fact, that Universal's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Universal is in some way affiliated with or sponsored by Plaintiff.

41. Defendants' unauthorized use in commerce of the Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

42. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Universal with Plaintiff.

43. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

45. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

//

//

**FOURTH CAUSE OF ACTION**
**TRADEMARK DILUTION**
**Section 43(c) of Lanham Act, 15 U.S.C. § 1125(c)**
**(Against All Defendants; and DOES 1-10)**

46. Plaintiff hereby incorporates by reference Paragraphs 1 through 45 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

47. Plaintiff's Mark is both distinctive and "famous" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48. Plaintiff's Mark was distinctive and famous prior to the Defendants' acts as alleged herein.

49. Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Mark.

50. Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the Mark by undermining and damaging the valuable goodwill associated therewith.

51. Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

52. Plaintiff is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**FIFTH CAUSE OF ACTION**
**COMMON LAW TRADEMARK INFRINGEMENT**
**(Against All Defendants; and DOES 1-10)**

53. Plaintiff hereby incorporates by reference Paragraphs 1 through 52 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

54. Universal's unauthorized use in commerce of the Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Universal's goods, and is likely to cause consumers to believe, contrary to fact, that Universal's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Universal is in some way affiliated with or sponsored by

1  Plaintiff. Universal's conduct therefore constitutes trademark infringement in violation of California law.

2  55. Defendants Walmart, Wayfair and Sadaf have encouraged, enabled and/or contributed to this unlawful conduct by, among other things, advertising, promoting and/or offering for sale goods bearing the Infringing Mark. This conduct therefore constitutes contributory trademark infringement in violation of California law.

56. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in and to the Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

57. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

58. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

**SIXTH CAUSE OF ACTION**
**TRADEMARK DILUTION**
**CAL. BUS. & PROF. CODE § 14247**
**(Against All Defendants; and DOES 1-10)**

59. Plaintiff hereby incorporates by reference Paragraphs 1 through 58 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

60. Plaintiff's Mark is distinctive and famous.

61. Plaintiff's Mark was distinctive and famous prior to the Defendants' acts as alleged herein.

62. Defendants' acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Plaintiff's famous Mark.

63. Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish the Mark by undermining and damaging the valuable goodwill associated therewith.

64. Defendants' acts as alleged herein are intentional and willful in violation of California law, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

65. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

### SEVENTH CAUSE OF ACTION
### UNLAWFUL BUSINESS PRACTICES
### CAL. BUS. & PROF. CODE § 17200, *et seq.*
### (Against All Defendants; and DOES 1-10)

66. Plaintiff hereby incorporates by reference Paragraphs 1 through 65 of this Complaint as though fully set forth herein and for a cause of action alleges as follows:

67. Defendants' actions described above and specifically, without limitation, (1) Universal's use of the Mark, and confusingly similar variations thereof, in commerce to advertise, promote and sell related houseware products; and (2) Walmart, Wayfair and Sadaf's knowledge, participation, and contribution thereto, constitute trademark infringement, dilution and unfair competition in violation of the laws of the State of California.

68. By these actions, Defendants have engaged in unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and, as a result, Plaintiff has suffered and will continue to suffer damage to its business, reputation, and goodwill.

69. As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff has suffered damages in an amount to be determined at trial and, unless Defendants are restrained, Plaintiff will continue to suffer irreparable damage.

# PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For an award of Defendants' profits, in an amount according to proof;
2. For compensatory damages, in an amount according to proof;
3. For all statutory penalties authorized by law;
4. An expedited order from the Court requiring Defendants to provide complete accountings;
5. For restitution of all wrongfully acquired amounts and disgorgement of all ill-gotten profits, in an amount according to proof;
6. For punitive and/or exemplary damages in an amount sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;
7. For a temporary, preliminary, and permanent injunction, enjoining Defendants and all persons or entities acting in concert with Defendants from directly or indirectly:

   a. manufacturing, distributing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote Universal's goods bearing the Infringing Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Mark;

   b. engaging in any activity that infringes Plaintiff's rights in the Mark;

   c. engaging in any activity constituting unfair competition with Plaintiff;

   d. engaging in any activity that is likely to dilute the distinctiveness of Plaintiff' Mark;

   e. making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Universal's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed,

sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

f. using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

g. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the Mark or any other mark that infringes or is likely to be confused with Plaintiff's Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

h. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (g).

8. For Plaintiff's reasonable attorneys' fees and costs pursuant to all applicable provisions of law;

9. For all costs of suit incurred herein;

10. For prejudgment and post judgment interest at the maximum legal rate; and

11. For such other relief as the Court may deem proper.

Dated: April 1, 2022                              **PESSAH LAW GROUP, PC**

                                                  By: */s/ Maurice D. Pessah*
                                                      Maurice D. Pessah, Esq.
                                                      Summer E. Benson, Esq.
                                                      Attorneys for Plaintiff,
                                                      YEDI, INC.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

Dated: April 1, 2022                    **PESSAH LAW GROUP, PC**

By: */s/ Maurice D. Pessah*
   Maurice D. Pessah, Esq.
   Summer E. Benson, Esq.
   Attorneys for Plaintiff,
   YEDI, INC.