# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YEDI, INC., a California corporation,<br><br>                Plaintiff,<br><br>        v.<br><br>UNIVERSAL CONNECT<br>WHOLESALE, LLC d/b/a PARS<br>COLLECTIONS, a California limited<br>liability company; WALMART, INC.,<br>a Delaware corporation; WAYFAIR,<br>INC., a Delaware corporation;<br>SOOFER CO., INC. d/b/a SADAF<br>FOODS, a California corporation; and<br>DOES 1-10, inclusive,<br><br><br>                Defendants. | Case No.: 2:22-cv-02202-RGK-AGR<br><br>*Assigned to the Honorable R. Gary<br>Klausner*<br><br>**PERMANENT INJUNCTION<br>AGAINST DEFENDANT<br>UNIVERSAL CONNECT<br>WHOLESALE, LLC** |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

WHEREAS, on April 1, 2022, Plaintiff Yedi, Inc. ("Plaintiff" or "Yedi") filed suit against Defendant Universal Connect Wholesale, LLC ("Defendant" or "Universal") asserting the following causes of action: (1) trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (2) unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (3) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (4) common law trademark infringement; and (5) substantial and related state law claims (the "Action").

WHEREAS, Defendant now stipulates and consents to this Permanent Injunction, to its prompt entry by the Court, and to each and every provision, order, and decree herein.

NOW THEREFORE, upon consent of the parties hereto, **IT IS HEREBY ORDERED** that Defendant, together with all of Defendant's officers, agents, servants, employees, representatives, and assigns, and all other persons, firms, or companies in active concert or participation with Defendant, are hereby permanently enjoined and restrained from directly or indirectly:

(a)    using the mark "Pars Collections" in connection with the manufacture, distribution, sale, marketing, advertisement, promotion, or authorizing any third party to manufacture, distribute, sell, market, advertise or promote, any household products and related appliances;

(b)    using any word, term, name, symbol, or device (or any combination thereof) that is identical or confusingly similar to, or a colorable imitation or dilutive of, Plaintiff's "Pars" mark in connection with any household products and related appliances, including the manufacture, distribution, sale, marketing, advertisement, promotion, or authorization of any third party to manufacture, distribute, sell, market, advertise or promote such goods or products in the United States;

2

(c)     making any false designation of origin, false or misleading description of fact, or false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the source or origin of, or sponsorship or approval by Plaintiff of Defendant's household products and related appliances or commercial activities in the United States; and

(d)     registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating Plaintiff's "Pars" mark or any other mark that infringes or is likely to be confused with Plaintiff's "Pars" mark, or any goods or services of Plaintiff, or Plaintiff as their source;

(e)     engaging in any activity that infringes Plaintiff's rights in the "Pars" mark;

(f)     engaging in any activity constituting unfair competition with Plaintiff;

(g)     engaging in any activity that is likely to dilute the distinctiveness of Plaintiff's "Pars" mark;

(h)     making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Universal's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants; and

(i)     aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (h).

3

**IT IS HEREBY FUTHER ORDERED:**

1.      This Permanent Injunction shall be binding upon and shall inure to the benefit of the parties and their respective successors, assigns, and acquiring companies.

2.      If Defendant is found by the Court to be in contempt of, or otherwise to have violated this Permanent Injunction, the parties agree that Plaintiff shall be entitled to all available relief which it may otherwise request from the Court, including sanctions for contempt, damages, injunctive relief, attorneys' fees, costs, and any other relief deemed proper in the event of such violation.

3.      The Court retains jurisdiction of this matter for the purposes of enforcing the terms of this Permanent Injunction.

**SO ORDERED.**

DATED:OCTOBER 5, 2022



_____

United States District Judge

STIPULATION FOR ENTRY OF PERMANENT INJUNCTION